Case 2:24-cv-01223-RGK-KS   Document 1   Filed 02/12/24   Page 1 of 15   Page ID #:1

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

HENRY FREDERICK RAMEY, JR.
7101 Rosecrans Av., #98
Paramount, CA., 90723
TEL.: (909) 678-9348

Plaintiffs in Pro Se.

Fee Paid



**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA.**

JACK GERRITSEN, HENRY
FREDERICK RAMEY, JR.

            Plaintiffs,

      v.

CITY OF LOS ANGELES, a chartered
city, ARTURO CHAVEZ, as General
Manager, El Pueblo Park,  and, DOES 1-
10, inclusive,

            Defendants.

Case No.: CV24-1223-FLA(E)

VERIFIED COMPLAINT FOR
VIOLATIONS OF CIVIL RIGHTS (42 U.
S. C., §1983), VIOLATIONS OF CIVIL
CODE §§51.7, AND 52.1.

(DEMAND FOR JURY TRIAL.)

Plaintiffs allege:

1. Defendant City of Los Angeles ("City"), is a chartered city, duly created by the electors of the City, located in the County of Los Angeles, State of California.

2. Defendant Arturo Chavez, is the General Manager of El Pueblo Park, a public park operated by the City, located in the County of Los Angeles, State of California.

///

Complaint for Violations of Civil Rights-Gerritsen v. City of Los

Angeles - 1

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

3. Plaintiff is informed and believes and based thereon alleges herein below Causes of Action for violation of 42 United States Code, §1983; violations of Civil Code §51.7; and violations of Civil Code §52.1.

4. Plaintiff Jack Gerritsen, was, and at all times herein mentioned is an individual, with his present principal place of residence located in the County of Los Angeles, State of California.

5. Plaintiff Henry Frederick Ramey, Jr., was, and at all times herein mentioned is an individual, with his present principal place of residence located in the County of Los Angeles, State of California.

6. The wrongs alleged herein are in the County of Los Angeles, State of California. Venue of this action is properly brought before this Court.

7. Plaintiffs are ignorant of the true names and capacities of Defendants sued in this Complaint as Does 1-10, inclusive, and therefore, Plaintiffs sue these Defendants by these fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and allege on this information and belief that each of the fictitiously named Defendants is negligently responsible in some manner for the occurrences alleged in this Complaint, and that Plaintiffs' injuries as alleged in this Complaint were proximately caused by that negligence.

8. At all times mentioned in this Complaint each of said Defendants was the agent and employee of each of the remaining said Defendants, and in doing the things alleged in this Complaint, was acting within the course and scope of this agency and employment.

///

///

///

Complaint for Violations of Civil Rights-Gerritsen v. City of Los

Angeles - 2

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

## I.  FIRST CAUSE OF ACTION BROUGHT BY PLAINTIFFS AGAINST ALL DEFENDANTS FOR VIOLATIONS OF 42 U.S.C., §1983.

9. At all times hereinafter mentioned, each and all of the acts of the Defendant alleged herein were done by the Defendants under the color and pretense of the statutes, regulations, customs and usages of the State and under the authority of their offices as heretofore alleged herein.

10. Plaintiffs, who are White, was deprived of an interest protected by the Constitution and/or laws of the United States of America, and each and every Defendant caused, by commission or omission, such deprivation while acting under color of law.

11. All acts and/or omissions perpetrated by each Defendant were engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights already violated, despicably, with evil motive and/or intent, in disregard of the rights of the Plaintiffs.

12. On May 14, 1993, in the case of *Gerritsen v. City of Los Angeles,* 994 F.2d 570 (9th Cir. 1993), the Ninth Circuit held that a permit scheme regulating the distribution of handbills was unconstitutional, because it failed to serve a legitimate government interest. The permit scheme designated areas of the Park to be open to and not to be open to handbill distribution.

13. The permit scheme also unconstitutionally required a permit from the Park General Manager to distribute handbills.

14. On August 24, 2019, Mr. Espinoza, the then-Park Manager, attempted to take Plaintiff Gerritsen's handbills from his left hand while Plaintiff Gerritsen was handing out his handbills in the Park. A Cypress Private Security Officer told Plaintiff Gerritsen to leave the Park.

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

15. In 2023, Defendant Chavez informed Plaintiff Gerritsen that the distribution of handbills required a permit from him, and was restricted to one area of the Park, and that Plaintiff Gerritsen would be provided a copy of the policy. Later, Edgar Garcia, the Assistant General Manager of the Park, provided a copy of the policy to Plaintiff Gerritsen. The policy was entitled, "City of Los Angeles El Pueblo de Los Angeles Historical Monument Authority Commission First Amendment Statement of Policy".

16. The Policy limits and restricts handbill distribution to a small section of the Park designated as Father Serra Park, and requires that a permit be obtained by anyone wishing to distribute handbills from Defendant Chavez. Both restrictions are unconstitutional.

17. On August 17, 2023, Plaintiff Gerritsen requested "… both the map and permit application form" via e-mail to arturo.chavez@lacity.org.

18. On August 25, 2023, Plaintiff Gerritsen submitted an application for a First Amendment Expressive Area Permit to Defendant Chavez, who after a conference in his Office located at 125 E. Paseo de la Plaza, in El Pueblo Park, declined to issue a permit to Plaintiff Gerritsen for him to distribute printed materials. As of the present day, no permit was granted to Plaintiff Gerritsen.

19. On September 12, 2023, a DOE Security Person in El Pueblo Park at the South Entrance to Olvera St., ordered Plaintiff Gerritsen to leave the Park. When Plaintiff Gerritsen refused, the DOE Security Person grabbed Plaintiff Gerritsen's handbills out of his left shirt pocket. The DOE Security Person then tried to take the handbills from Plaintiff Gerritsen's left hand resulting in a tug of war. When Plaintiff Gerritsen kicked the DOE Security Person, the DOE Security Person released his grip on the handbills.

Complaint for Violations of Civil Rights-Gerritsen v. City of Los Angeles - 4

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

20. On October 2, 2023, Plaintiff Ramey also submitted an application for a First Amendment Expressive Area Permit to Defendant Chavez by e-mail at arturo.chavez@lacity.org. Plaintiff Ramey has not received a response from Defendant Chavez.

21. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Constitution of the United States and the Constitution and laws of the State of California in that Plaintiff was deprived of his liberty and his freedom from personal harm. Defendants' conduct violates the Fourth and Fifth Amendments, and the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution, and Article I, §14 of the California Constitution, and deprives said Plaintiff of rights under color of State law.

22. On October 2, 2023, Plaintiff Gerritsen filed a Claim with Defendant City.

23. There has been no rejection of the Claim by Defendant City. Plaintiff Gerritsen therefore has two years from October 2, 2023, to file this Action against Defendants.

24. On November 24, 2023, Plaintiff Ramey filed a Claim with Defendant City.

25. There has been no rejection of the Claim by Defendant City. Plaintiff Ramey therefore has two years from November 24, 2023, to file this Action against Defendants.

26. As a direct and proximate result of the wrongful acts of Defendants, Plaintiffs were damaged in an amount of $5,000,000. Plaintiffs have been almost totally deprived of their liberty and their freedom from personal harm, and has and will have suffered humiliation, anxiety, and emotional and

Complaint for Violations of Civil Rights-Gerritsen v. City of Los

Angeles - 5

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

physical distress as well as possible future personal injuries that will continue on into the future, unless this Court intervenes.

27. Said Plaintiffs further seek compensatory damages for the humiliation, anxiety, physical distress and injuries that he has suffered and could suffer as a direct result of Defendants' wrongful acts as described herein, plus attorney's fees and costs.

28. The above recited acts of the individual Defendants in conspiring to deprive Plaintiffs of their constitutionally protected rights were done with evil motive or intent, or with reckless or callous indifference to said Plaintiffs' rights. Plaintiffs therefore seek punitive, exemplary, and constitutional damages in an amount according to proof against the Defendants.

29. In fact, Plaintiffs request that this case be settled with Plaintiff Gerritsen be given $30,000, and that Plaintiff Ramey be given $5,000. This offer shall expire on March 31, 2024.

## II.    SECOND CAUSE OF ACTION BROUGHT BY PLAINTIFFS AGAINST ALL DEFENDANTS FOR VIOLATION OF CIVIL CODE §51.7.

30. Plaintiffs incorporate by this reference Paragraphs 1 through 29 of the Complaint as though they were set forth in full herein.

31. At all times relevant hereto, California Civil Code §51, *et seq.,* was in full force an effect and binding upon defendants, its agents, representatives and employees as alleged herein. Section 51.7 thereof seeks to protect individuals from violence which is based on suspect, arbitrary classifications, including race, national origin, age, and disability, or which is based upon a person's perception that an individual has one or more of those characteristics. The intent of Section 51.7 is to protect all rights.

Complaint for Violations of Civil Rights-Gerritsen v. City of Los

Angeles - 6

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

32. On May 14, 1993, in the case of *Gerritsen v. City of Los Angeles,* 994 F.2d 570 (9th Cir. 1993), the Ninth Circuit held that a permit scheme regulating the distribution of handbills was unconstitutional, because it failed to serve a legitimate government interest. The permit scheme designated areas of the Park to be open to and not to be open to handbill distribution.

33. The permit scheme also unconstitutionally required a permit from the Park General Manager to distribute handbills.

34. On August 24, 2019, Mr. Espinoza, the then-Park Manager, attempted to take Plaintiff Gerritsen's handbills from his left hand while Plaintiff Gerritsen was handing out his handbills in the Park. A Cypress Private Security Officer told Plaintiff Gerritsen to leave the Park.

35. In 2023, Defendant Chavez informed Plaintiff Gerritsen that the distribution of handbills required a permit from him, and was restricted to one area of the Park, and that Plaintiff Gerritsen would be provided a copy of the policy. Later, Edgar Garcia, the Assistant General Manager of the Park, provided a copy of the policy to Plaintiff Gerritsen. The policy was entitled, "City of Los Angeles El Pueblo de Los Angeles Historical Monument Authority Commission First Amendment Statement of Policy".

36. The Policy limits and restricts handbill distribution to a small section of the Park designated as Father Serra Park, and requires that a permit be obtained by anyone wishing to distribute handbills from Defendant Chavez. Both restrictions are unconstitutional.

37. On August 17, 2023, Plaintiff Gerritsen requested "… both the map and permit application form" via e-mail to arturo.chavez@lacity.org.

///

Complaint for Violations of Civil Rights-Gerritsen v. City of Los

Angeles - 7

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

38. On August 25, 2023, Plaintiff Gerritsen submitted an application for a First Amendment Expressive Area Permit to Defendant Chavez, who after a conference in his Office located at 125 E. Paseo de la Plaza, in El Pueblo Park, declined to issue a permit to Plaintiff Gerritsen for him to distribute printed materials. As of the present day, no permit was granted to Plaintiff Gerritsen.

39. On September 12, 2023, a DOE Security Person in El Pueblo Park at the South Entrance to Olvera St., ordered Plaintiff Gerritsen to leave the Park. When Plaintiff Gerritsen refused, the DOE Security Person grabbed Plaintiff Gerritsen's handbills out of his left shirt pocket. The DOE Security Person then tried to take the handbills from Plaintiff Gerritsen's left hand resulting in a tug of war. When Plaintiff Gerritsen kicked the DOE Security Person, the DOE Security Person released his grip on the handbills.

40. On October 2, 2023, Plaintiff Ramey also submitted an application for a First Amendment Expressive Area Permit to Defendant Chavez by e-mail at arturo.chavez@lacity.org. Plaintiff Ramey has not received a response from Defendant Chavez.

41. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Constitution of the United States and the Constitution and laws of the State of California in that Plaintiff was deprived of his liberty and his freedom from personal harm. Defendants' conduct violates the Fourth and Fifth Amendments, and the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution, and Article I, §14 of the California Constitution, and deprives said Plaintiff of rights under color of State law.

42. On October 2, 2023, Plaintiff Gerritsen filed a Claim with Defendant City.

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

43. There has been no rejection of the Claim by Defendant City. Plaintiff Gerritsen therefore has two years from October 2, 2023, to file this Action against Defendants.

44. On November 24, 2023, Plaintiff Ramey filed a Claim with Defendant City.

45. There has been no rejection of the Claim by Defendant City. Plaintiff Ramey therefore has two years from November 24, 2023, to file this Action against Defendants.

46. Since at least August 17, 2023, Plaintiffs are White. Plaintiffs are informed and believe and thereon allege that Defendants, their employees, agents and representatives knew that Plaintiffs were exercising their First Amendment rights.

47. Plaintiffs are further informed and believe and thereon allege that the actions of Defendants, their agents, employees, agents and representatives were directly related to her status in exercising their First Amendment rights, in that Defendants, and each of them, intended to deprive Plaintiffs of the full and equal rights in violation of law.

48. Such conduct has denied and will continue to deny Plaintiffs equal protection and the civil rights guaranteed by Civil Code §51.7.

49. As the direct and proximate result of the actions of Defendants, their agents, employees, agents, and representatives, Plaintiffs have been caused to suffer severe and lasting physical and psychological injuries, medical expenses, loss of income, and the expense of hiring counsel and prosecuting this action, all at least $5,000,000.

///

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

50. Civil Code §52(b) sets forth the penalty to be imposed against individuals who engage in conduct against persons based on suspect, arbitrary classifications, including race, or who perpetrate in such violence based upon a perception that the individual possesses said characteristics as being actual damages suffered, plus an award of exemplary damages, a civil penalty of $25,000, plus attorney's fees.

51. In fact, Plaintiffs request that this case be settled with Plaintiff Gerritsen be given $30,000, and that Plaintiff Ramey be given $5,000. This offer shall expire on March 31, 2024.

## III. THIRD CAUSE OF ACTION BROUGHT BY PLAINTIFFS AGAINST ALL DEFENDANTS FOR VIOLATION OF CIVIL CODE §52.1.

52. Plaintiffs incorporate by this reference Paragraphs 1 through 51 of the Complaint as though they were set forth in full herein.

53. At all times relevant hereto, California Civil Code §51, *et seq.,* was in full force an effect and binding upon defendants, its agents, representatives and employees as alleged herein. Section 52.1 thereof seeks to protect individuals from violence and to protect them in exercising their civil rights. The intent of Section 52.1 is to protect all rights.

54. On May 14, 1993, in the case of *Gerritsen v. City of Los Angeles,* 994 F.2d 570 (9th Cir. 1993), the Ninth Circuit held that a permit scheme regulating the distribution of handbills was unconstitutional, because it failed to serve a legitimate government interest. The permit scheme designated areas of the Park to be open to and not to be open to handbill distribution.

55. The permit scheme also unconstitutionally required a permit from the Park General Manager to distribute handbills.

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

56. On August 24, 2019, Mr. Espinoza, the then-Park Manager, attempted to take Plaintiff Gerritsen's handbills from his left hand while Plaintiff Gerritsen was handing out his handbills in the Park. A Cypress Private Security Officer told Plaintiff Gerritsen to leave the Park.

57. In 2023, Defendant Chavez informed Plaintiff Gerritsen that the distribution of handbills required a permit from him, and was restricted to one area of the Park, and that Plaintiff Gerritsen would be provided a copy of the policy. Later, Edgar Garcia, the Assistant General Manager of the Park, provided a copy of the policy to Plaintiff Gerritsen. The policy was entitled, "City of Los Angeles El Pueblo de Los Angeles Historical Monument Authority Commission First Amendment Statement of Policy".

58. The Policy limits and restricts handbill distribution to a small section of the Park designated as Father Serra Park, and requires that a permit be obtained by anyone wishing to distribute handbills from Defendant Chavez. Both restrictions are unconstitutional.

59. On August 17, 2023, Plaintiff Gerritsen requested "… both the map and permit application form" via e-mail to arturo.chavez@lacity.org.

60. On August 25, 2023, Plaintiff Gerritsen submitted an application for a First Amendment Expressive Area Permit to Defendant Chavez, who after a conference in his Office located at 125 E. Paseo de la Plaza, in El Pueblo Park, declined to issue a permit to Plaintiff Gerritsen for him to distribute printed materials. As of the present day, no permit was granted to Plaintiff Gerritsen.

61. On September 12, 2023, a DOE Security Person in El Pueblo Park at the South Entrance to Olvera St., ordered Plaintiff Gerritsen to leave the Park. When Plaintiff Gerritsen refused, the DOE Security Person grabbed Plaintiff Gerritsen's handbills out of his left shirt pocket. The DOE Security Person then

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

tried to take the handbills from Plaintiff Gerritsen's left hand resulting in a tug
of war. When Plaintiff Gerritsen kicked the DOE Security Person, the DOE
Security Person released his grip on the handbills.

62. On October 2, 2023, Plaintiff Ramey also submitted an application for a First
Amendment Expressive Area Permit to Defendant Chavez by e-mail at
arturo.chavez@lacity.org. Plaintiff Ramey has not received a response from
Defendant Chavez.

63. By reason of Defendants' conduct, Plaintiffs were deprived of rights,
privileges, and immunities secured to him by the Constitution of the United
States and the Constitution and laws of the State of California in that Plaintiff
was deprived of his liberty and his freedom from personal harm. Defendants'
conduct violates the Fourth and Fifth Amendments, and the due process and
equal protection clauses of the Fourteenth Amendment of the United States
Constitution, and Article I, §14 of the California Constitution, and deprives
said Plaintiff of rights under color of State law.

64. On October 2, 2023, Plaintiff Gerritsen filed a Claim with Defendant
City.

65. There has been no rejection of the Claim by Defendant City. Plaintiff
Gerritsen therefore has two years from October 2, 2023, to file this Action
against Defendants.

66. On November 24, 2023, Plaintiff Ramey filed a Claim with Defendant
City.

67. There has been no rejection of the Claim by Defendant City. Plaintiff Ramey
therefore has two years from November 24, 2023, to file this Action against
Defendants.

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

68. Since at least August 17, 2023, Plaintiffs are White. Plaintiffs are informed and believes and thereon allege that Defendants, their employees, agents and representatives knew that Plaintiffs were exercising his First Amendment rights.

69. Plaintiffs are further informed and believe and thereon allege that the actions of Defendants, their agents, employees, agents and representatives were directly related to his status in exercising his First Amendment rights in that Defendants, and each of them, intended to deprive Plaintiffs of the full and equal rights in violation of law.

70. Such conduct has denied and will continue to deny Plaintiffs equal protection and the civil rights guaranteed by Civil Code §52.1.

71. As the direct and proximate result of the actions of Defendants, their agents, employees, agents, and representatives, Plaintiffs have been caused to suffer severe and lasting physical and psychological injuries, medical expenses, loss of income, and the expense of hiring counsel and prosecuting this action, all at least $5,000,000.

72. Civil Code §52(b) sets forth the penalty to be imposed against individuals who engage in conduct against persons based on suspect, arbitrary classifications, including race, or who perpetrate in such violence based upon a perception that the individual possesses said characteristics as being actual damages suffered, plus an award of exemplary damages, a civil penalty of $25,000, plus attorney's fees.

73. In fact, Plaintiffs request that this case be settled with Plaintiff Gerritsen be given $30,000, and that Plaintiff Ramey be given $5,000. This offer shall expire on March 31, 2024.

///

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

WHEREFORE, Plaintiffs pray for:

1. For general damages in an amount according to proof, but at least $5,000,000;

2. For special damages in an amount according to proof;

3. For punitive damages in an amount according to proof;

4. For treble damages in an amount according to proof;

5. For interest as allowed by law;

6. For reasonable attorney's fees incurred by Plaintiff, inter alia, under 42 United States Code §1988, Civil Code §52(b), Code of Civil Procedure §1021.5, and other applicable law;

7. That Plaintiffs be awarded their costs of suit herein; and

8. For such other and further relief as the court may deem just and proper.

Dated this 12th day of February, 2024

By: *Jack Gerritsen*
JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371
Plaintiff in Pro Se.

Dated this 12th day of February, 2024

By: *Henry F. Ramey, Jr*
HENRY FREDERICK RAMEY, JR.
7101 Rosecrans Av., #98
Paramount, CA., 90723
TEL.: (909) 678-9348
Plaintiff in Pro Se.

///
///
///
///

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371

**DEMAND FOR JURY TRIAL.**

Plaintiffs hereby demand a Jury Trial pursuant to the Seventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 38.

Dated this 12th day of February, 2024

By:*Jack Gerritsen*
JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371
Plaintiff in Pro Se.

Dated this 12th day of February, 2024

By:*Henry F. Ramey, Jr.*
HENRY FREDERICK
RAMEY, JR.
7101 Rosecrans Av., #98
Paramount, CA., 90723
TEL.: (909) 678-9348
Plaintiff in Pro Se.

**VERIFICATION.**

I, Jack Gerritsen, declare that:

I am one of the Plaintiff in the above-entitled Complaint. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to matters therein stated on information and belief, and as to those matters, I believe it to be true.

Under the penalty of perjury, I declare that the foregoing is true and correct, and that this declaration was executed on February 12, 2024, at Bell, California.

*Jack Gerritsen*
JACK GERRITSEN,
Plaintiff.

Complaint for Violations of Civil Rights-Gerritsen v. City of Los Angeles - 15

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.: (323) 383-4371